# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**GEORGE KING, JR.**                                                                                 **PETITIONER**

**v.**                                                    **No. 1:17CV112-SA-JMV**

**EARNEST LEE, ET AL.**                                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of George King, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Mr. King has not responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

George King, Jr. is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted on May 25, 1989, for sale of cocaine in Lowndes County Circuit Court, Cause No. 10,884. *See* Exhibit A (Indictment and Sentencing Order in Lowndes County Circuit Court Cause No. 10,884).[1] The trial court sentenced King as a habitual offender under Miss. Code Ann. § 99-19-81,[2] to serve a term of thirty years in the custody of the Mississippi Department of

---

[1] The exhibits referenced in this memorandum opinion are those attached to ECF Doc. 12, the State's motion to dismiss.

[2] Miss. Code. Ann. § 99-19-81 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Corrections ("MDOC"), without eligibility for a reduced or suspended sentence, parole, or probation.[3] *Id.*

King appealed, and on March 20, 1991, the Mississippi Supreme Court affirmed the conviction and sentence. *King v. State*, 576 So.2d 154 (Miss. 1991) (89-KA-0974)).

On June 18, 2015, he filed in the Mississippi Supreme Court (Cause No. 2015-M-00955) an Application for Leave to Proceed in the Trial Court to file a petition for a parole recommendation. *See* Exhibit C. On July 1, 2015, the Mississippi Supreme Court held that Mr. King, under Miss. Code Ann. § 47-7- 3(1)(g)(iii), need not seek leave to proceed in the trial court to petition for a parole recommendation from the senior circuit judge. *See* Exhibit D. As such, the Mississippi Supreme Court dismissed King's pleading without prejudice to his right to file a request for parole in the trial court. *Id.*

On June 25, 2015, King filed his petition for parole eligibility in the trial court (Cause No. 10,884). *See* Exhibit E ("Petition for Parole" and Docket in Lowndes County Circuit Court Cause No. 10,884). On August 24, 2015, the senior circuit judge entered an order denying King's parole request under Miss. Code Ann. § 47-7-3(1)(g)(iii), based upon his prior convictions and the nature of the charges for which King was convicted in the present case. *See* Exhibit F. King then filed a "Petition for Writ of Prohibition" (in effect, a motion for recusal) in both Mississippi Supreme Court Cause No. 2015-M-00955 and Lowndes County Circuit Court

---

[3] King's indictment for sale of cocaine shows that he has at least two prior felony convictions: (1) assault with the intent to murder in the Circuit Court of Pickens County, Alabama, for which King was sentenced to serve a term of five years in the Alabama State Penitentiary, suspended with five years of probation, and (2) aggravated assault in the Circuit Court of Lowndes County, Mississippi, for which King was sentenced to serve a term of five years in the Mississippi Department of Corrections, suspended with five years of probation. *See* Exhibit A (Indictment and Sentencing Order in Lowndes County Circuit

Cause No. 10,884. *See* Exhibit G ("Petition for Writ of Prohibition," Mississippi Supreme Court Cause No. 2015-M-00955 and Lowndes County Circuit Court Cause No. 10,884). In his motions, King sought recusal of Senior Circuit Court Judge Lee S. Howard because he was the district attorney who had previously prosecuted King at trial. *See* Exhibit G. On September 23, 2015, the Mississippi Supreme Court dismissed King's "Petition for Writ of Prohibition," finding that he had offered no evidence that he had first sought recusal in the trial court. *See* Exhibit H. This Order was also filed in Lowndes County Circuit Court Cause No. 10,884. *See* Exhibit H.

On October 8, 2015, King filed a "Motion for Recusal" and a second petition for parole eligibility under Mississippi Code Section 47-7-3(1)(g)(iii), in Lowndes County Circuit Court Cause No. 10,884. *See* Exhibit I ("Petition for Authorization for Eligibility for Parole"). On October 12, 2015, the trial court reassigned King's case, holding:

> Miss. Code Ann. § 47-7-3 finds that if a parole petition is submitted in a cause in which the sentencing judge has since retired, the petition is to be handled by the Senior Circuit Judge of the district. However, in this cause, the Senior Circuit Judge of the 16th District, the Honorable Lee J. Howard, was the district attorney who prosecuted this Defendant. Therefore, the Honorable Lee J. Howard, to avoid any appearance of impropriety, hereby withdraws from ruling on the parole petition filed in this cause and does transfer the matter to the Honorable Lee S. Coleman for ruling.

*See* Exhibit J.

On October 23, 2015, Judge Coleman denied King's petition for parole. *See* Exhibit K. Following the denial, King appealed. *See* Exhibit L, Mississippi Supreme Court Cause No. 2015-TS-01739.

---

Court Cause No. 10,884).

On November 17, 2015, the circuit court dismissed King's pending request for parole recommendation, finding that the circuit court lacked jurisdiction to hear the motion, since the circuit court's denial of the King's previous request for parole recommendation was pending on appeal. *See* Exhibit M.

On November 23, 2015, the Clerk of the Mississippi Supreme Court issued a show cause notice to King requesting him to explain "why th[e] appeal should not be dismissed for lack of an appealable judgment." *See* Exhibit N. On December 22, 2015, King filed a *pro se* response to the show cause notice in Cause No. 10,884. *See* Exhibit O. On January 7, 2016 the Mississippi Supreme Court held that the Circuit Court's order denying King's second parole request was not an appealable judgment – and dismissed King's appeal (citing *Gamage v. State*, 2015-CP-00593 (En Banc Order - Oct. 8, 2015)). *See* Exhibit P.

On February 1, 2016, King filed a "Petition for Writ of Mandamus" in Mississippi Supreme Court Cause No. 2015-M-00955. *See* Exhibit Q. In his petition, King noted that the Lowndes County Circuit Court had entered an order denying his petition for parole eligibility on October 23, 2015, but argued that there had been "no appealable ruling and/or action[,]" and requested the Mississippi Supreme Court to "order that an appealable ruling be made." *See* Exhibit Q. The Mississippi Supreme Court denied King's pleading on February 8, 2016, finding that the request was not the proper subject of a petition for writ of mandamus – and that the circuit court's order was not appealable judgment (citing *McDowell v. State*, 2015-CP-00687 (Panel Order - Jan. 7, 2016); *Gamage v. State*, 2015-CP-00593 (En Banc Order - Oct. 8, 2015)). *See* Exhibit R.

On November 9, 2016, and again on January 12, 2017, King filed a "Petition for Reconsideration [of] Petition for Parole Recommendation" and a "Petition for Recommendation," respectively, in Lowndes County Circuit Court Cause No. 10,884. *See* Exhibit S ("Petition for Reconsideration [of] Petition for Parole Recommendation" and "Petition for Recommendation, or, Authorization for Eligibility for Parole Consideration"). On November 28, 2016, and again on February 22, 2017, the circuit court entered Orders denying King's pleadings as "Motions for Consideration," finding that King failed to present new information sufficient to warrant reconsideration of the circuit court's previous ruling.[4] *See* Exhibit T.

On March 13, 2017, King filed a "Petition for Writ of Prohibition," in Mississippi Supreme Court Cause No. 2015-M-00955, based upon his "Petition for Recommendation or Authorization for Eligibility for Parole Consideration" that he previously filed in the trial court, on January 12, 2017. *See* Exhibit U. King asserted that Judge Howard did not have proper jurisdiction to deny King's petition, since Judge Howard had previously recused himself. *Id*.

The Mississippi Supreme Court dismissed King's "Petition for Writ of Prohibition," finding that King failed to provide stamp-filed documentation to support his assertion that his petition had been taken under advisement by the circuit court or otherwise brought to that court's attention. *See* Exhibit V.

On April 10, 2017, King filed a "Motion to Refile Petition for Writ of Prohibition," in which he provided stamp-filed documentation to support his previous allegations. *See* Exhibit W. On April 20, 2017, the Mississippi Supreme Court granted King's motion, as to his request to file a proper Petition for Writ of Prohibition. *See* Exhibit X. On May 8, 2017, King refiled

---

[4] The Orders denying King's pleadings, each as a "Motion for Reconsideration," were signed by Senior

his "Petition for Writ of Prohibition." *See* Exhibit Y. The Mississippi Supreme Court denied King's "Petition for Writ of Prohibition" on May 23, 2017. *See* Exhibit Z.

In the instant petition for a writ of *habeas corpus*, Mr. King raises the following claims for relief, *pro se*:

> **Ground One:** The trial judge lacked jurisdiction to make his ruling; Petitioner avers that Judge Lee Howard had recused himself from hearing his petition on a previous order; That Judge Lee Coleman was the presiding judge after said recusal on the first petition; Thereafter Judge Howard with full knowledge of his recusal, took upon himself to rule on said petition for eligibility of parole
>
> **Ground Two:** The trial judge denied Petitioner due process for failure to authorize parole consideration. Petitioner avers that notwithstanding Judge Howard's recusal, House Bill 1267 was based on due process requirement as opposed to House Bill 585 which was discretionary on the judge part; that said ruling should have authorized the parole board to consider Petitioner for parole as opposed to actually release him on parole.

*See* ECF Doc. 1. Mr. King seeks an evidentiary hearing and remand of these parole issues to the circuit court for a hearing on the merits. *Id*. at p. 14.

## Discussion

The instant federal *habeas corpus* petition regarding Mr. King's requests for parole should be dismissed for failure to state a valid claim for federal *habeas corpus* relief. To sustain a petition for *habeas corpus*, a petitioner must be deprived of some right arising from the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983); *Baker v. McCollan*, 443 U.S. 137 (1979). When a petitioner has not alleged the deprivation of such a right, he has failed to state a claim for *habeas corpus* relief, and his claims must be dismissed for that reason. *Irving, supra* at 1216. Thus, "[a] petition for federal *habeas corpus* relief based on any argument that state

---

Circuit Court Judge Howard.

courts are incorrectly applying their own law … is not a basis for relief." *Wansley v. Mississippi Dept. of Corrections, et al.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted).  In this case, Mr. King has not alleged a deprivation of a right protected by federal law; therefore, his federal petition for a writ of *habeas corpus* challenging the State's denial of his requests for parole does not state a valid claim for relief.

Mr. King's eligibility for parole is a matter of Mississippi law.  The parole statute in Miss. Code Ann. § 47-7-3(1) provides, in relevant part:

> (1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth ( ¼ ) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
>
>> (a) No prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole;

Miss. Code. Ann. § 47-7-3(g) further provides that:

> (ii) [n]otwithstanding the provisions in paragraph (i) of this subsection, a person serving a sentence who has reached the age of sixty (60) or older and who has served no less than ten (10) years of the sentence or sentences imposed by the trial court shall be eligible for parole.  Any person eligible for parole under this subsection shall be required to have a parole hearing before the board prior to parole release.  *No inmate shall be eligible for parole under this paragraph of this subsection if:*
>
>> *1. The inmate is sentenced as a habitual offender under Sections 99-19-81 through 99-19-87;*

(Emphasis added).  Thus, no inmate convicted as a habitual offender under Miss. Code Ann. § 99-19-81 is eligible for parole under §§ 47-7-3(1) and 47-7-3(g)(ii).

However, Miss. Code Ann. § 47-7-3(g)(iii) provides that:

> (iii) *[n]otwithstanding the provisions of paragraph (1)(a) of this section*, *any* offender who has not committed a crime of violence under Section 97-3-2 and has served twenty-five percent (25%) or more of his sentence *may* be paroled by the parole board if, after the sentencing judge or if the sentencing judge is retired, ... the senior circuit judge authorizes the offender to be eligible for parole consideration.

(emphasis added). This section thus opens the door for certain inmates convicted under § 99-19-81 to be eligible for parole, despite the language in §§ 47-7-3(1) and 47-7-3(g)(ii).

Although King is ineligible for parole under these sections as a habitual offender, Miss. Code Ann. § 47-7-3(g)(iii), provides, in certain circumstances, a path to parole for those convicted as a habitual offender under § 99-19-81. Section 47-7-3(g)(iii) provides a framework for parole, despite the prohibition in subsection (1)(a): An inmate who has not committed a crime of violence under Miss. Code Ann. § 97-3-2 and has served at least twenty-five percent of his sentence *may* be paroled by the parole board, *if* the senior circuit judge authorizes the offender to be eligible for parole consideration. Though this code section provides an opportunity for parole to habitual offenders convicted under § 99-19-81, nothing in its language alters the discretionary nature of consideration for parole or the granting of it.

Mr. King requested a recommendation for parole under Miss. Code Ann. § 47-7-3(g)(iii), and the Lowndes County Circuit Court denied King's petition for parole eligibility and requests for reconsideration. The circuit court denied King's petition seeking parole because of his prior convictions and the fact that his most recent conviction was for the sale of cocaine. *See* Exhibit K. The Mississippi Supreme Court denied King's appeal of the circuit court's October 23, 2015, order denying his petition for parole eligibility. *See* Exhibit P. The Lowndes County Circuit

Court denied Mr. King's "motions for reconsideration" because he did not present new information sufficient to merit reconsideration of the issue. *See* Exhibit T.

Mississippi's parole statute gives the Parole Board absolute discretion regarding parole; as such, a prisoner has no constitutionally protected liberty interest in parole. Miss. Code Ann. § 47-7-1, *et seq.*, (1972); s*ee Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.); *Irving v. Thigpen, supra*, ("... the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach."); *see also Smith v. Mississippi Parole Board*, 478 F. App'x 97, 2017 WL 1645457 (5th Cir. May 10, 2012) (unpub.) ("The Mississippi statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied.")

Parole in Mississippi is not a right, but a privilege, which may be granted to a prisoner by the Parole Board. As a result, "[i]n Mississippi, prisoners have 'no constitutionally recognized liberty interest in parole." *Johnson v. Miller*, 919 So.2d 273, 277 (Miss. Ct. App. 2005) (citations omitted). In *Davis v. State*, 429 So.2d 262 (Miss. 1983) the Mississippi Supreme Court explained:

> A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state--to be sure, not arbitrarily – as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979).

*See also Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D. Miss. June 20, 2002) (holding that a Mississippi prisoner is not entitled to a hearing on parole, and noting that even a prisoner who

may be eligible for parole "holds the smallest liberty interest, 'no more substantial than the inmate's hope ... a hope which is not protected by due process.'") (citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9 (1979)). Thus, the Mississippi parole statutes do not give state inmates a liberty interest in parole.

The court must also deny Mr. King's argument that the rejection of his requests for parole violates his right to due process, as "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Wansley*, 769 F.3d at 312. Parole is discretionary under Mississippi law; thus, "when a prisoner has no liberty interest in obtaining parole ... he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id*. at 312-13. For these reasons, the denial of a parole hearing is not a federal *habeas corpus* issue. As such, Mr. King's challenge to his parole eligibility and the denial of his requests for parole do not give rise to the deprivation of a constitutionally protected liberty interest, and the instant federal petition for a writ of *habeas corpus* must be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of April, 2018.

                                                     /s/ Sharion Aycock
                                                   **U.S. DISTRICT JUDGE**